IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY EDWARD STONE,

                Plaintiff,            OPINION and ORDER

v.

                                          24-cv-405-wmc

SSM HEALTH ST. MARY'S HOSPITAL
MADISON, WISCONSIN,

                Defendant.

---

Representing himself, plaintiff Gregory Edward Stone has filed a civil action against defendant SSM Health, which operates St. Mary's Hospital ("St. Mary's") in Madison, Wisconsin. (Dkt. #1.) Plaintiff, who resides in McFarland, Wisconsin, contends that he sought care in the emergency room and was admitted at St. Mary's on June 17, 2022, but was later removed from the facility by two unidentified security guards at the request of a physician. Alleging assault or "elder abuse" by the security guards, he seeks unspecified damages for personal injuries and embarrassment. Plaintiff has requested leave to proceed in forma pauperis. (Dkt. #2.) After reviewing the pleadings as required under 28 U.S.C. § 1915(e)(2)(B), the court concludes that the complaint is subject to dismissal for lack of jurisdiction for the reasons explained below.

OPINION

"Federal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of

a challenge from any party." *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Congress has authorized federal district courts to hear (1) cases that raise a federal question; and (2) cases in which there is diversity of citizenship among the parties. *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (citing 28 U.S.C. §§ 1331-1332). It is well established that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (citations omitted).

Plaintiff claims that, after he was admitted to St. Mary's and placed in a hospital bed for an unspecified "cardiac issue," staff did not check his vital signs every two hours and an unnamed physician refused his request for saline to treat kidney damage allegedly caused by antibiotics he had taken a few months earlier. (Dkt. #1, at 2.) Thereafter, another doctor summoned two security guards to remove him from the hospital. (*Id*. at 2-3.) Plaintiff does not identify a source of federal law that governs his claims. To the extent that he complains of medical malpractice, his allegations are otherwise insufficient to implicate federal law set forth in the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd(a), because the "exclusive remedy for all medical malpractice claims" is found in Wis. Stat. Ch. 655. *Cox v. Medical College of Wisconsin Inc.*, 651 F. Supp. 3d 965, 1028-29 (E.D. Wis. 2023); *see also Nartey v. Franciscan Health Hosp.*,

2 F.4th 1020, 1025 (7th Cir. 2021) (joining seven other circuits in holding that EMTALA is not a malpractice statute and cannot be used to challenge the quality of medical care).

To the extent that plaintiff was mistreated by security guards, SSM Health is a private entity and there is no allegation that the guards were acting under color of state law for purposes of a claim under 42 U.S.C. § 1983. The complaint does not otherwise assert a federal cause of action or implicate a federal question for purposes of establishing jurisdiction under 28 U.S.C. § 1331. *See E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 958-59 (7th Cir. 2021) (describing federal-question jurisdiction).

The complaint does not establish any other basis for jurisdiction. In that respect, for diversity jurisdiction to exist, a complaint must allege complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. "Complete diversity" exists when no plaintiff is from the same state as any defendant. *Smart*, 562 F.3d at 803. Assuming that plaintiff is a citizen of Wisconsin, he cannot satisfy the complete diversity requirement because, as other courts have recently found, SSM Health is also a citizen of Wisconsin by virtue of its incorporation here. *See Rapp v. SSM Agnesian Health*, No. 24-1033, 2024 WL 3534485, at *1 (7th Cir. July 25, 2024). In addition, the complaint does not explicitly allege or include facts from which the court can infer that the amount in controversy exceeds $75,000, which by itself is insufficient to establish diversity jurisdiction. *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) ("To meet the amount-in-controversy requirement, a plaintiff suing in federal court must allege

in good faith that 'the controversy entails a dispute over more than $75,000, exclusive of interests and costs.'") (citation omitted).

For all of the foregoing reasons, plaintiff has not met his burden to plead facts establishing that federal subject matter jurisdiction exists. Nevertheless, because plaintiff represents himself and proceeds in forma pauperis, the court will grant him an opportunity to file an amended complaint that establishes federal subject matter jurisdiction. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

ORDER

IT IS ORDERED that:

1. Plaintiff Gregory Edward Stone shall have until **December 4, 2024**, to file an amended complaint containing good faith allegations sufficient to establish subject matter jurisdiction.

2. Plaintiff is advised that any failure to amend within the time allowed will result in prompt dismissal of this action without prejudice for lack of subject matter jurisdiction.

Entered this 14th day of November, 2024.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge